UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEBORAH MALLOY,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )          No. 4:24 CV 506 CDP
                                         )
TRILEAF CORPORATION, et al.,             )
                                         )
            Defendants.                  )

## MEMORANDUM AND ORDER

Defendant Trileaf Corporation terminated plaintiff Deborah Malloy's employment as Director of Human Resources on July 25, 2023, after Malloy reported to Trileaf executives and to the United States Department of Labor that Trileaf misclassified salary-exempt employees and refused to pay overtime to its employees.   On numerous occasions when Malloy reported those matters to defendant T. Scott Muschany, Trileaf's president, Muschany locked her in his office against her will, whereupon he would verbally and physically intimidate her and refuse to let her leave.   One month after terminating Malloy's employment, Trileaf instituted litigation in state court seeking to recover company property that Malloy still had in her possession.   On September 20, 2023, the Circuit Court of St. Louis County granted Trileaf's requested relief.

In this action, Malloy brings claims against Trileaf of wrongful discharge in

violation of Missouri public policy (Count I) and abuse of process (Count V);
claims of false imprisonment (Count III) and intentional infliction of emotional
distress (Count IV) against Muschany; and a claim of retaliation in violation of the
Fair Labor Standards Act (FLSA) (Count II) against both Trileaf and Muschany.
Defendants move to dismiss all counts other than the FLSA claim in Count II.[1]
For the reasons that follow, I will grant defendants' motion to dismiss the public
policy and abuse of process claims against Trileaf for failure to state a claim upon
which relief can be granted.   I will deny the motion as to the false imprisonment
and emotional distress claims against Muschany and will order Muschany to
answer those claims.

## Legal Standard

The purpose of a motion to dismiss under Federal Rule of Civil Procedure
12(b)(6) is to test the legal sufficiency of the complaint.   When reviewing a Rule
12(b)(6) motion, I assume that the allegations in the complaint are true, and I
construe the complaint in plaintiff's favor.   *See Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 555-56 (2007).   I am not bound to accept as true, however, a legal
conclusion couched as a factual allegation.   *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to state a claim to relief "that is plausible on its face."

---

[1] Defendants answered the FLSA claim on April 4, 2024.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).   The factual allegations must be sufficient "to raise a right to relief above the speculative level."   *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).   More than labels and conclusions are required.   *Twombly*, 550 U.S. at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.

In addition to the complaint, I may consider exhibits that are attached to the complaint, matters of public record, and materials necessarily embraced by the complaint, without having to convert the motion to one for summary judgment. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018).   In determining defendants' motion to dismiss here, I therefore consider Malloy's complaint filed in this action as well as the preliminary injunction order filed September 20, 2023, in the state-court action, *Trileaf Corp. v. Malloy*, Case No. 23SL-CC-3623, which is a matter of public record and attached to defendants' motion.   (ECF 11-1.)

### Discussion

<u>Count I – Wrongful Discharge in Violation of Public Policy</u>

Malloy brings this claim against Trileaf, asserting that it violated Missouri's public policy against wrongful discharge when it terminated her employment in

retaliation for reporting wrongful and unlawful conduct regarding employee exempt classifications and failure to pay overtime.

Malloy appears to concede Trileaf's contention that her common law wrongful discharge claim is preempted by Missouri's Whistleblower's Protection Act (WPA), but she argues that I should not dismiss the claim because the allegations nevertheless support a claim under the WPA.   I agree that Malloy's allegations plausibly state a claim under the WPA, *see* Mo. Rev. Stat. § 285.575, and that I should not dismiss the claim merely because she labeled it as a common law claim.   *See Webb v. GKN Aerospace N. Am., Inc.*, No. 4:22-CV-00289-SRC, 2022 WL 3576175, at *8 (E.D. Mo. Aug. 19, 2022).   I will therefore construe Count I of Malloy's complaint as a claim brought under the WPA.

The WPA, however, expressly provides that "if a private right of action for damages exists under another statutory or regulatory scheme, whether under state or federal law, no private right of action shall exist under [the WPA]."   Mo. Rev. Stat. § 285.575.5.   The FLSA provides a private right of action for damages for the conduct Malloy alleges here, that is, that Trileaf terminated her employment for reporting wrongful and unlawful labor practices.   *See* 29 U.S.C. §§ 215(a)(3) (retaliatory discharge for filing complaint or instituting proceeding relating to FLSA), 216(b) (damages).   Indeed, Count II of Malloy's complaint raises such a claim and seeks damages under the FLSA.   To the extent Malloy attempts to raise

the same claim under the WPA in Count I, no such private right of action exists under the WPA pursuant to Mo. Rev. Stat. § 285.575.5, and the claim must be dismissed.

Accordingly, Malloy's wrongful discharge claim raised in Count I of her complaint, construed as a WPA claim, will be dismissed with prejudice.

<u>Counts III & IV – False Imprisonment, Intentional Infliction of Emotional Distress</u>

Malloy brings these claims against Muschany individually, asserting that his locking her in his office against her will for an unreasonable amount of time constituted false imprisonment under Missouri law.   Malloy further contends that that conduct, as well as Muschany's decision to terminate her employment, was intentional, extreme, and outrageous, and caused her to suffer medically significant distress.   Muschany argues that the claims are preempted by Missouri's Worker's Compensation Law (WCL) and the Missouri Human Rights Act (MHRA).   In the circumstances of this case and at this stage of the proceedings, I disagree.

In August 2017, the Missouri legislature enacted a comprehensive statutory scheme made up of the WPA, the WCL, and the MHRA, which together provide the exclusive remedy for claims for injury or damages arising out of an employment relationship.   *See* Mo. Rev. Stat. §§ 285.575.3 (WPA), 287.120 (WCA), 213.070.2 (MHRA).   *See also Cooksey v. Alliance Bank*, No. 1:20-CV-219-SNLJ, 2021 WL 2187911, at *3 (E.D. Mo. May 28, 2021); *Smith v.*

*Dolgencorp, LLC*, No. 4:23-cv-00471-DGK, 2023 WL 7491858, at *2 (W.D. Mo. Nov. 13, 2023).   Muschany contends that because Malloy's tort claims against him arise out of her employment relationship with Trileaf, her exclusive remedy for those claims is under the WCA and/or the MHRA and not under common law.

The WCA provides immunity for employees from liability to fellow employees arising out of injuries occurring in the workplace "*except* that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury."  *Brock v. Dunne*, 637 S.W.3d 22, 27 (Mo. banc 2021) (quoting Mo. Rev. Stat. § 287.120.1) (emphasis added).   Whether an actor acts "purposefully" to cause or increase risk of injury requires a factual analysis of the reason for the actor's tortious conduct.   *Joyner v. HZ OPS Holdings, Inc.*, No. 4:22-cv-1032-MTS, 2022 WL 17583151, at *3 (E.D. Mo. Dec. 12, 2022) (quoting *Flowers v. City of Campbell*, 384 S.W.3d 305, 312 (Mo. Ct. App. 2012)).

Here, Malloy alleges that Muschany locked her in his office more than three dozen times, did not allow her to leave despite her attempts to do so, and detained her there for unreasonable periods of time while he verbally berated and physically intimidated her, which caused her to suffer extreme and medically significant emotional distress.   Viewing these allegations in favor of Malloy, such conduct could portray the "deliberate and deviant actions of a co-worker who sought and

desired to cause or increase the risk of injury to a co-employee," and is not subject to WCA immunity. *Joyner*, 2022 WL 17583151, at \*3 (quoting *Brock*, 637 S.W.3d at 30). I therefore conclude that the WCA does not preempt Malloy's tort claims against Muschany.

As to the MHRA, Muschany relies on *Huskey v. Petsmart*, No. 18-00813-CV-W-NKL, 2019 WL 122873 (W.D. Mo. Jan. 7, 2019), to argue preemption because, even though Malloy alleges that the offensive conduct was committed by a co-employee and not her employer as defined by the statute,[2] the conduct nevertheless arose out of the employment relationship and is therefore actionable under only the MHRA. *See id.* at \*2-3. Regardless of whether an employment relationship existed vis-à-vis a co-employee or the employer, I am unable to discern how the MHRA preempts Malloy's claims given that she does not allege in her complaint that any discriminatory conduct prohibited by the MHRA occurred here, that is, conduct based on her race, color, religion, national origin, sex, ancestry, age, or disability; or that any retaliatory action was taken in response to her opposition to or complaints of such prohibited discrimination. *See* Mo. Rev. Stat. §§ 213.010(6), 213.055.1, 213.070.1(2). *Contra Johnson v. Midwest Div.-RBH, LLC*, 88 F.4th 731, 735-36 (8th Cir. 2023) (MHRA preempts plaintiff's

---

[2] The MHRA excludes from the definition of employer "an individual employed by an employer." Mo. Rev. Stat. § 213.010(8)(c).

common law claims where same factual allegations support her MHRA claims of discrimination based on age and disability); *Huskey*, 2019 WL 122873, at *2 (MHRA preempts common law claims that pertain to discrimination based on disability, gender, race, and related retaliation).   Consequently, assuming for purposes of this discussion only that Malloy's tort claims against Muschany arose out of an employment relationship, nothing in her allegations brings her claims within the protections afforded by the MHRA.   I therefore conclude that the MHRA does not preempt Malloy's claims.

Finally, to the extent Muschany argues in footnotes that Malloy's allegations fail to plausibly plead the elements of each claim, regardless of whether or not the claims are preempted (*see* Defts.' Sugg. in Supp., ECF 11 at pp. 6 n.2, 7 n.3), I caution Muschany that "[a] footnote is the wrong place for substantive arguments on the merits of a motion."   *Brady v. Medtronic, Inc.*, No. 13-cv-62199-RNS, 2014 WL 1377830, at *8 n.1 (S.D. Fla. Apr. 8, 2014).   *See also Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 5095729, at *11 (D. Colo. Aug. 20, 2019) ("It is difficult to take this argument seriously when it is raised only in a footnote.") (listing cases).   I therefore reject Muschany's suggestion that Malloy abandoned the claims by failing to respond in substance to his footnotes. *E.g.*, *People United for Child., Inc. v. City of New York*, 108 F. Supp. 2d 275, 301 (S.D.N.Y. 2000) (excusing plaintiff's failure to respond to defendant's argument in

a footnote "where it might have been overlooked").   Nevertheless, viewing the

allegations of Malloy's complaint in her favor – including, *inter alia*, that

Muschany detained Malloy in his office for purposes of intimidation by virtue of a

locked door that only he controlled, and that as a result she suffers medically

significant distress for which she undergoes medical and psychological treatment,

therapy, and counseling – I conclude that Malloy's assertions of false

imprisonment and intentional infliction of emotional distress, as pleaded,

adequately state claims against Muschany upon which relief can be granted.

Counts III and IV of Malloy's complaint against Muschany are permitted to

proceed.

Count V – Abuse of Process

On August 30, 2023, one month after Trileaf terminated Malloy's

employment, Trileaf filed an action in the Circuit Court of St. Louis County

seeking the return of its property and other confidential materials that Malloy had

in her possession.   Malloy claims that Trileaf's filing of that lawsuit constituted an

abuse of process.   It did not.

To state a claim for abuse of process under Missouri law, Malloy must

allege facts demonstrating that 1) Trileaf made an illegal, improper, perverted use

of process, a use neither warranted nor authorized by the process; 2) Trileaf had an

improper purpose in exercising such illegal, perverted, or improper use of process;

and 3) she was damaged as a result.   *Schlafly v. Cori*, 647 S.W.3d 570, 573-74

(Mo. banc 2022).

> An abuse of process claim is not appropriate where the action is
> confined to its regular function even if the plaintiff had an ulterior
> motive in bringing the action, or if the plaintiff knowingly brought the
> suit upon an unfounded claim.   It is where the claim is brought not to
> recover on the cause of action stated, but to accomplish a purpose for
> which the process was not designed that there is an abuse of process.

*Stone v. J&M Sec'y, LLC*, No. 4:20 CV 352 SPM, 2020 WL 5909788, at *8 (E.D.

Mo. Oct. 6, 2020) (internal quotation marks and citation omitted).   *See also*

*Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, No. 6:20-CV-

03043-RK, 2021 WL 5362690, at *9 (W.D. Mo. Nov. 16, 2021) (quoting *Stone*,

2020 WL 5909788, at *8) (citing *Pipefitters Health & Welfare Tr. v. Waldo R.,

Inc.*, 760 S.W.2d 196, 198-99 (Mo. Ct. App. 1988) ("It must be shown that process

has been used to accomplish an unlawful end or to compel the defendant to do

something which he could not be compelled to do legally.").   Abuse of process

may occur when a litigant files an action to silence or harass an individual, as

Malloy asserts here, rather than to obtain recovery on its stated claim.   *See*, *e.g.*,

*Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 319-21 (Mo. Ct. App. 2010); *Lambert

v. Warner*, 379 S.W.3d 849, 857-58 (Mo. Ct. App. 2012).   "But no liability

attaches where a party has done nothing more than pursue the lawsuit to its

authorized conclusion regardless of how evil a motive he possessed at the time."

*YAM Cap. III, LLC v. GS Hosp., LLC*, 648 S.W.3d 878, 886 (Mo. Ct. App. 2022).

Here, Malloy asserts that Trileaf's state-court litigation against her was instituted to harass and silence her, that is, to compel her to withdraw or not file claims regarding Trileaf's alleged unlawful employment activity.   But the circuit court's decision in that action shows that Trileaf did not do anything other than pursue its lawsuit to obtain appropriate relief on its asserted claim – specifically, to enforce a Confidentiality and Non-Disclosure Agreement executed by Malloy when her employment at Trileaf began.   (*See* ECF 11-1, *Trileaf Corp. v. Malloy*, Case No. 23SL-CC03623 (21st Jud. Cir. Sept. 20, 2023) (Prelim. Inj. Ord.).) Indeed, one month after Trileaf filed its lawsuit (and two months after Malloy left Trileaf's employ), the circuit court entered a preliminary injunction order finding, *inter alia*, that Malloy retained Trileaf's confidential and proprietary information (including sensitive personnel information) without authorization and in clear breach of the Agreement, for which Trileaf could, *inter alia*, "bring a civil action and [was] entitled to obtain compensatory damages as well as reasonable attorney's fees."   (*Id.* at pp. 15-16 (citing Mo. Rev. Stat. § 537.525).)   The court directed Malloy to return to Trileaf electronically stored and hard copies of Trileaf's confidential and proprietary information, thumb drives storing such information, the company-issued laptop she continued to have in her possession, and a list of all email accounts and other repositories that contained personnel credentialing information.   (*Id.* at pp. 20-21.)   The court's order itself

demonstrates that Trileaf had a proper purpose in filing the claim, and that its efforts accomplished the purpose for which the process was designed.   In view of that public record, Malloy's claim against Trileaf for abuse of process fails.

I will therefore dismiss the claim raised in Count V of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Counts I, III, IV, and V of Plaintiff's Complaint [10] is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Counts I and V of plaintiff's complaint are dismissed with prejudice.

**IT IS FURTHER ORDERED** that defendant T. Scott Muschany shall answer Counts III and IV of the complaint within the time prescribed by the rules.

_Catherine D Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2024.