**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

DEBORAH MALLOY,                              )
                                             )
    Plaintiff,                           )
                                             )
                                             )   Case No. 4:24-cv-00506
v.                                           )
                                             )
TRILEAF CORPORATION, and                     )
T. SCOTT MUSCHANY,                           )
                                             )
    Defendants.                          )

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S INITIAL**
**MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION**
**FOR SANCTIONS BASED ON PLAINTIFF'S DISCOVERY MISCONDUCT**

COME NOW Defendants Trileaf Corporation ("Trileaf") and T. Scott Muschany (together, "Defendants"), by and through their undersigned counsel, and in response to Plaintiff's Initial Memorandum in Opposition to Defendants' Joint Motion for Sanctions (Doc. No. 70), state as follows:

1.     On May 9, 2025, Defendants filed a Motion for Sanctions (the "Motion") based on Plaintiff's pattern of willful and deliberate discovery misconduct throughout this litigation, which has included (but is not limited to): (a) providing false, sworn interrogatory answers regarding her employment history, earnings history, and criminal history; (b) providing false deposition testimony regarding her employment history, earnings history, and educational background; (c) providing an incorrect date of birth on a Social Security Authorization form.

2.     On May 12, 2025, Plaintiff filed an "initial" memorandum opposing the Motion (the "Initial Memorandum"). In the Initial Memorandum, Plaintiff asks the Court to deny the Motion based on Defendants' alleged failure to comply with Local Rule 3.04(A)'s requirement to

provide "a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so . . ."

3. "Local Rule 3.04(A) requires parties to meet and confer before filing discovery and disclosure motions[.]" *Gustafson v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 2019 WL 5579265, at *2 (E.D. Mo. Oct. 29, 2019)  It does not, however, "'require counsel to meet and confer before seeking sanctions.'" *Id.* (quoting *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, 2013 WL 3946116, at *3 (E.D. Mo. July 31, 2013)); *see also Ricon, Inc. v. Golden as Trustee of Dean Foods Company (DFC) Liquidating Trust*, 2025 WL 521797, at *3 (E.D. Mo. Feb. 18, 2025) ("Defendant argues that I should not consider the motion for sanctions because Ricon did not 'meet and confer' with Defendant before filing it. *See* Local Rule 3.04. However, Rule 37 does not require counsel to meet and confer before seeking sanctions.").  Defendants thus had no obligation to meet and confer with Plaintiff before filing the Motion and the failure to include a Local Rule 3.04 statement in the Motion is not grounds for denying the same.

4. Notwithstanding the fact that Defendants were not required to meet and confer with Plaintiff before filing the Motion, counsel for Defendants, in fact, did so, as Plaintiff readily admits in the Initial Memorandum.

5. Specifically, counsel met and conferred via telephone on April 24, 2025.  During this telephone conference, Plaintiff's counsel told Defendants' counsel that he could not recall whether he filled out the information in the Social Security Authorization form, or if Plaintiff did so, and that he would look into the issue and share what he found.

6. In the two weeks that passed between this telephone conference and the filing of the Motion, Defendants heard nothing from Plaintiff's counsel.  Further, given that Plaintiff declared under penalty of perjury when she signed the Social Security Authorization form that she

had "examined all of the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of [her] knowledge," it mattered not whether it was Plaintiff or Plaintiff's counsel who typed the information into the form.  Thus, Defendants proceeded to file the Motion.

7.     Defendants reserve the right to file a substantive reply in support of the Motion following any further briefing Plaintiff files.

Dated:  May 12, 2025                    **LEWIS RICE LLC**

By: */s/ Joy D. McMillen*_____
Joy D. McMillen, #42822MO
Matthew J. Haas, #65941MO
Lindsey M. Bruno, #73055MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7703
Facsimile:  (314) 612-7703
Email: jmcmillen@lewisrice.com
        mhaas@lewisrice.com
        lbruno@lewisrice.com

*Attorneys for Defendants Trileaf Corporation*
*and T. Scott Muschany*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of May, 2025, a true copy hereof was served via the Court's CM/ECF system.

The Crone Law Firm, PLC
Matthew J. Ghio
Alexander W. Gass
3115 S. Grand Blvd, Suite 500
St. Louis, MO 63118
mghio@cronelawfirmplc.com
agass@cronelawfirmplc.com

*Attorneys for Plaintiff*

                                        /s/ *Joy D. McMillen*_____

3