**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DEBORAH MALLOY,                              )
                                             )
    Plaintiff,                          )
                                             )   Case No. 4:24-cv-00506
v.                                           )
                                             )
TRILEAF CORPORATION, and                     )
T. SCOTT MUSCHANY,                           )
                                             )
    Defendants.                         )

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR JOINT**
**MOTION FOR SANCTIONS BASED ON PLAINTIFF'S DISCOVERY MISCONDUCT**

### I.    INTRODUCTION

Plaintiff's response to Defendants' Motion for Sanctions is illustrative of her attitude toward discovery throughout the course of this litigation: flippant, dismissive, and without regard for the rules of this Court. Plaintiff lied under oath during her deposition and in her interrogatory answers about her employment and earnings history, educational background, criminal history, and more, but now dismisses these lies as irrelevant to her claims in this lawsuit. They are not, nor is a party permitted to lie freely about topics she deems irrelevant.

Plaintiff further seeks to excuse her provision of an incorrect date of birth on Defendants' requested authorization for the release of an Itemized Statement of Earnings from the Social Security Administration (SSA) as a "clerical error" committed by her attorney. But when Plaintiff signed the form, she declared under penalty of perjury that she had reviewed all of the information and that it was true and correct, and it is axiomatic that a party is bound by the actions of her attorney. Plaintiff's flagrant disregard for her discovery obligations has prejudiced Defendants and merits sanctions of the highest order.

II.    ARGUMENT

### a. Local Rule 3.04(A) Does Not Bar Defendants' Motion.

As a threshold matter, Plaintiff argues that the Court should deny Defendants' Motion due to Defendants' alleged failure to comply with Local Rule 3.04(A). (Doc. No. 82 at 2.) This Rule states that "any motion relating to discovery and disclosure" must contain "a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so . . ." But while "Local Rule 3.04(A) requires parties to meet and confer before filing discovery and disclosure motions," it "'does not require counsel to meet and confer before seeking sanctions.'" *Gustafson v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 2019 WL 5579265, at *2 (E.D. Mo. Oct. 29, 2019) (quoting *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, 2013 WL 3946116, at *3 (E.D. Mo. July 31, 2013)). *See also Ricon, Inc. v. Golden as Trustee of Dean Foods Co. (DFC) Liquidating Tr.*, 2025 WL 521797, at *3 (E.D. Mo. Feb. 18, 2025) ("Defendant argues that I should not consider the motion for sanctions because Ricon did not 'meet and confer' with Defendant before filing it. *See* Local Rule 3.04. However, Rule 37 does not require counsel to meet and confer before seeking sanctions."). Defendants thus had no obligation to meet and confer with Plaintiff before filing the Motion, and the failure to include a Local Rule 3.04 statement in the Motion is not grounds for denying the same.

Notwithstanding the fact that Defendants were not required to meet and confer with Plaintiff before filing the Motion, counsel for Defendants, in fact, did so, as Plaintiff readily admits. (Doc. No. 82 at 2.) Specifically, counsel met and conferred via telephone on April 25, 2025. During this telephone conference, Plaintiff's counsel told Defendants' counsel that he could not recall whether he filled out the information in the Social Security Authorization form, or if Plaintiff did so, and that he would look into the issue and share what he found. In the two weeks that passed

2

between this telephone conference and the filing of the Motion, Defendants heard nothing from Plaintiff's counsel.  Further, given that Plaintiff declared under penalty of perjury when she signed the Social Security Authorization form that *she* had "examined all of the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of [her] knowledge," it mattered not whether it was Plaintiff or Plaintiff's counsel who typed the information into the form.  Thus, Defendants proceeded to file the Motion.  The Court should reject Plaintiff's request to expand Local Rule 3.04(A)'s requirements and proceed to consider Defendants' Motion on the merits.

### b.  Plaintiff Misstates the Applicable Standard.

At the outset, Plaintiff argues that dismissal is an "extreme sanction" that "should only be used when lesser sanctions prove futile." (Doc. No. 82 at 3.)  But "whether the extent of a sanction is appropriate is a question peculiarly committed to the district court." *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268 (8th Cir. 1993).  Substantial deference is given to the "district court's determination as to whether sanctions are warranted because of its familiarity with the case and counsel involved." *Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006).  Contrary to Plaintiff's suggestion, in choosing between the available sanctions, the Court "is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). A sanction should be sufficient to correct the prejudice caused to the moving party, i.e., "to remedy the lack of integrity in the case being presented to the jury." *Id.*  It should also serve "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

### c.  Plaintiff's Discovery-Related Misconduct Warrants Sanctions.

In Defendants' opening brief, Defendants painstakingly described the myriad ways in which Plaintiff has lied under oath throughout this litigation.  (Doc. No. 69 at 2–11.)  Notably, in her opposition brief, Plaintiff does not deny or attempt to refute this evidence.  Nor does she take responsibility for her misconduct.  Instead, she tries to sweep it under the rug by blaming her attorney, downplaying the relevance of this evidence, and arguing that her deceit has not prejudiced Defendants in a meaningful way.  Plaintiff's response in this regard underscores the necessity of the sanction of dismissal, as it is clear a lesser sanction would not sufficiently punish or deter her flagrant, willful conduct.

### i.  *Plaintiff's Provision of the Inaccurate SSA Authorization Form.*

In her opposition brief, Plaintiff represents to the Court that her attorney instructed her to sign a blank SSA authorization form and that when her attorney later filled in the pre-signed form, he typed in her date of birth incorrectly.  (Doc. No. 82 at 4.)  Plaintiff thus argues that the Court should excuse her provision of an inaccurate date of birth in the SSA authorization form because it was her attorney's error.  This argument disregards the well-settled principle of law that "a party is bound by the actions of her attorney." *Nolting v. Yellow Freight Sys., Inc.*, 799 F.2d 1192, 1200 (8th Cir. 1986) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 634 (1962)).  Moreover, when Plaintiff signed the form, she declared under penalty of perjury that ***she had reviewed all of the information*** therein and that it was true and correct to the best of ***her*** knowledge.  (Doc. No. 69-6.)  If the form was not yet filled out when she signed it (as she claims was the case), her declaration was false.

Plaintiff's conduct after Defendants notified her of the problem on April 24, 2025 also speaks volumes about her intentions.  Instead of promptly working to correct the alleged "clerical

4

error" (e.g., by apologizing, expeditiously providing a corrected form, or offering to pay for the costs of re-submission), Plaintiff did nothing for **29 days**.  Finally, on May 23, 2025 at 7:23 p.m. (i.e., after business hours on the Friday before the Memorial Day holiday weekend), Plaintiff sent a corrected form.[1]  Two hours later, Plaintiff filed her opposition to the Motion, representing to the Court that she had already provided a corrected form to Defendants (without mentioning that she had only done so after business hours that day).  (Doc. No. 82 at 4.)  Plaintiff's conduct in this regard belies any suggestion that she has acted in good faith to comply with her discovery obligations.

### ii.   Plaintiff's Failure to Disclose Her Recent, Prior Employers.

As explained in Defendants' opening papers, Plaintiff omitted three of her employers immediately preceding her employment with Trileaf in her interrogatory answers.  Plaintiff represents to the Court that she failed to disclose these employers because she "did not remember them."  (Doc. No. 82 at 5.)  Plaintiff's unsworn representation is simply not credible.  At the time Plaintiff executed her interrogatory answers (i.e., on November 21, 2024), she was less than three years removed from her employment with each of these employers.  The notion that Plaintiff could no longer remember these employers such a short period of time later is unbelievable.[2]  Notably, Defendants did not ask Plaintiff to rattle off a list of her former employers on the spot.  Rather, Plaintiff had **nearly sixty days** to prepare her interrogatory answers and undertake whatever

---

[1] Defendants promptly submitted the form to the SSA on the next business day (May 27, 2025) but, under the SSA's own rules, Defendants likely will not receive a response before trial begins on August 18, 2025.  (See Doc. No. 69-7 at p. 4 (noting the 120-day processing time).)

[2] At her deposition, Plaintiff expressly disclaimed having been diagnosed with any memory problems.  (Exhibit 12, February 17, 2025 Deposition of Plaintiff at p. 71.)

investigation necessary to provide a complete and accurate list of all employers for the requested time period (January 1, 2020 to present – i.e., less than five years).

Plaintiff's excuse of forgetfulness becomes even more unbelievable in light of the fact that the disclosure of these employers would reveal that the resume and employment application Plaintiff submitted to Trileaf contained false representations about her employment history (namely, that she was continuously employed by Looking Glass Medical Staffing from 2014 until 2022) – a fact Plaintiff surely did not want revealed in this litigation.  Moreover, discovery has since revealed that one of the employers terminated her employment based on her background check results and another terminated her employment after it discovered she had provided a forged letter of recommendation.  (See Doc Nos. 62-5, 62-6.)  Thus, Plaintiff's non-disclosure of these very recent prior employers was clearly done in an effort to prevent unfavorable information from coming to light in this litigation and not because of any memory failures.  *See Heggen v. Maxim Healthcare Servs., Inc.*, 2018 WL 1992196, at *3 (N.D. Ind. Apr. 27, 2018) (finding it "unlikely" that the plaintiff "would simply forget" to disclose her most recent employer prior to her employment with the defendant); *Dickerson v. Anderson*, 2008 WL 4845226, at *1 (S.D. Ga. Nov. 10, 2008) (finding the plaintiff's claim that he failed to disclose prior lawsuits because he forgot about them was "not convincing" and dismissing the lawsuit as a sanction); *see also McDowell v. Seaboard Farms of Athens, Inc.*, 1996 WL 684140, at *9 (M.D. Fla. Nov. 4, 1996) (plaintiff's false deposition testimony that he had never filed any other discrimination claim, together with other evidence of plaintiff "fabricating evidence and committing perjury in an attempt to enhance his case," warranted dismissal).

### iii.   Plaintiff's False Testimony.

Plaintiff dismissively addresses her false testimony about her Bachelor's degree and prior employers as irrelevant and immaterial to her claim.  (Doc. No. 82 at 5.)  But Plaintiff is not permitted to lie under oath simply because she deems the line of inquiry is irrelevant.  Moreover, Plaintiff is wrong that this information is irrelevant: Plaintiff's educational background (or lack thereof) and employment history are directly relevant to her failure to mitigate damages and other key issues, including Defendants' after-acquired evidence defense.[3]  And her decision to lie under oath about these topics is undeniably admissible for purposes of impeaching Plaintiff's credibility.

Notably, a close examination of Plaintiff's declarations in the six different bankruptcy cases she filed since 2018 reveals that she has perjured herself repeatedly.  For example, in Case No. 4:23-bk-20004, Plaintiff declared in the Official Form 107: Statement of Financial Affairs for Individuals Filing for Bankruptcy that for the 2021 calendar year, she had gross income of $3,333.00. (Exhibit 13, Case No. 4:23-bk-2004, Doc. No. 1, p. 36).  However, in discovery in this case, Plaintiff produced a W-2 statement for the 2021 calendar year from Midwest Geriatric Management reflecting gross wages of $6,861.52.  (Exhibit 14, Plaintiff Dep. Ex. O).  This example is not the only inconsistency in Plaintiff's multiple bankruptcy declarations and her testimony and interrogatory answers provided in this case, but it is illustrative of why Defendants sought to independently discover through third parties how deficient and false Plaintiff's testimony is in this case, and why the SSA earnings information, in particular, is vital.

Notably, the one excerpt of deposition testimony that Plaintiff cites in opposition to Defendants' Motion (Doc. No. 82-3) reflects that she gave a false interrogatory answer and false

---

[3] Contrary to Plaintiff's assertion, Defendants are entitled to put **all** of the evidence in support of their after-acquired evidence defense before the jury at trial, not just the evidence of her data breach.  (Doc. No. 82 at 8-9.)

deposition testimony regarding her history of bankruptcy filings. Both in her answer to Defendants' Interrogatory No. 3 and in her deposition testimony, Plaintiff falsely declared and testified without equivocation that she filed for bankruptcy "one time." (Doc. No. 69-1 at p. 3; Exhibit 12, February 17, 2025 Deposition of Plaintiff at pp. 59-60.) The Court can take judicial notice of the fact that Plaintiff has filed for bankruptcy on at least six occasions.[4] *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

### iv. *Defendants Have Suffered Irremediable Prejudice.*

Plaintiff argues that Defendants have not been prejudiced by her failure to comply with Defendants' request for the SSA form because the response Defendants will receive from the SSA will be "duplicative of information already discovered." (Doc. No. 82 at 8.) What Plaintiff omits, however, is that—to the extent this is even true—it is only so because of ***Defendants'*** own exhaustive efforts to discover Plaintiff's prior employers, which has included combing through hundreds of pages of bankruptcy records, filing multiple motions to compel, and issuing third-party subpoenas, all of which was necessitated by Plaintiff's false interrogatory answers and deposition testimony. Moreover, given her asserted memory problems when it comes to identifying her prior employers (*see* Doc. No. 82 at 5), it is unclear how Plaintiff can state with any confidence or certainty that the employers that will be listed in the SSA earnings statement will be duplicative of the employers already known by Defendants. Further, Plaintiff testified that she has not filed income tax returns since 2020, and she did not produce W-2 statements for any of the employers she claims to have forgotten.

---

[4] *See* Case No. 4:18-bk-20149; Case No. 4:18-bk-20270; Case No. 4:20-bk-20053; Case No. 4:20-bk-20194; Case No. 4:20-bk-20224; Case No. 4:23-bk-20004.

Defendants have already been, and continue to be, significantly prejudiced by Plaintiff's discovery misconduct. For one, Defendants have incurred substantial costs and attorneys' fees in addressing Plaintiff's false interrogatory answers, false testimony, and other dilatory conduct in an effort to suss out facts relevant to their affirmative defenses. Further, while Plaintiff asserts without support that "SSA form corrections are routine" and that the August 2025 trial date leaves plenty of time for resubmission (Doc. No. 82 at 8), the fact of the matter is that Defendants would have obtained the requested earnings statement while discovery was still open and before the dispositive motion deadline if Plaintiff had complied with her discovery obligations. Moreover, Defendants still do not have the earnings statement from the SSA, and under the SSA's 120-day processing time, they likely will not have it by trial. It is impossible to know the full magnitude of Plaintiff's deception and the extent of the prejudice to Defendants based on information in a document that has yet to be produced. And, Plaintiff has amply demonstrated why Defendants and the Court cannot simply take her word for it.

III.   CONCLUSION

For all of the reasons set forth herein and in Defendants' opening brief, Defendants respectfully request that the Court sanction Plaintiff to the fullest extent of this Court's authority.

DATED: June 2, 2025                    **LEWIS RICE LLC**

By:    */s/ Joy D. McMillen*
    Joy D. McMillen, #42822MO
    Matthew J. Haas, #65941MO
    Lindsey M. Bruno, #73055MO
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Telephone: (314) 444-7703
    Facsimile:  (314) 612-7703
    Email: jmcmillen@lewisrice.com
           mhaas@lewisrice.com
           lbruno@lewisrice.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of June, 2025, a true copy hereof was served on Plaintiff's counsel of record via electronic mail.

The Crone Law Firm, PLC
Matthew J. Ghio and Alexander Gass
3115 S. Grand Blvd, Suite 500
St. Louis, MO 63118
mghio@cronelawfirmplc.com
agass@cronelawfirmplc.com
*Attorneys for Plaintiff*

                                   */s/ Joy D. McMillen*