UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH MALLOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24 CV 506 CDP |
| | ) | |
| TRILEAF CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Presently before the Court is defendants Trileaf Corporation and T. Scott Muschany's Joint Motion for Sanctions Based on Plaintiff's Discovery Misconduct, wherein defendants seek to recover attorney's fees they incurred because of plaintiff Deborah Malloy's deliberate misconduct committed during the discovery process in this case.   Defendants also request that I strike Malloy's pleadings and dismiss the case with prejudice.   Upon careful consideration of the parties' positions on the motion and the exhibits submitted, I will grant defendants' motion for sanctions in the form of attorney's fees caused by the misconduct and will direct defendants to file a verified statement of those fees.   I will deny as moot defendants' request to strike pleadings and dismiss the case as I recently granted defendants summary judgment on all of Malloy's remaining claims.

## Relevant Background

Plaintiff Malloy filed this action in April 2024 claiming *inter alia* that defendants unlawfully terminated her employment with Trileaf in violation of the Fair Labor Standards Act.   During the period relevant to defendants' motion for sanctions, discovery was scheduled to close on March 28, 2025; summary judgment motions were due April 18, 2025; and jury trial was set for August 18, 2025. Defendants timely filed motions for summary judgment on April 18 and filed the instant motion for sanctions on May 9.   Given the pendency of the motions and the issues raised, I removed the case from the August 18 trial docket.   On January 8, 2026, I granted defendants summary judgment on all of Malloy's remaining claims, terminating the case.   The motion for sanctions remains pending.

With evidentiary support, defendants have established that during the course of discovery, Malloy provided false, sworn interrogatory answers and deposition testimony regarding her employment and earnings history, criminal history, bankruptcy history, and educational background; and she provided an incorrect date of birth under penalty of perjury on a Social Security Administration form, which defendants requested in order to obtain an accurate earnings statement.   Defendants contend that Malloy's deceitful conduct caused them to expend extensive time and effort investigating Malloy's background to secure accurate information and prejudiced them by impeding their ability to obtain information relevant to their

defense.    Regarding the SSA form particularly, defendants aver that the SSA's rejection of the form in April 2025 because of the inaccurate birthdate thwarted their ability to timely obtain relevant information for purposes of summary judgment and trial.

In response, Malloy argues that sanctions are not warranted here because she was not deliberately offering falsehoods in her interrogatory answers and deposition testimony, but rather simply forgot some information.    Moreover, Malloy contends that none of the information that forms the basis of defendants' motion was relevant to the case because she did not intend to introduce any related evidence at trial and defendants had other evidence to present in their defense.    As to the SSA form, Malloy's attorney, Matthew Ghio, admits that he provided a blank form to Malloy to sign under penalty of perjury and that Ghio merely committed a scrivener's error when he completed the form later.

## Discussion

As an initial matter, I will deny defendants' motion to the extent it asks me to strike Malloy's complaint and dismiss the case with prejudice as a sanction for Malloy's misconduct.    On January 8, 2026, I granted defendants summary judgment on the remaining claims in the case, thereby mooting their request to dismiss.

As to defendants' request for attorney's fees, defendants invoke Federal Rule of Civil Procedure 26(g)(3) as authority for imposing sanctions on the signer of a

discovery response who improperly certifies compliance with Rule 26(g)(1); as well as Rule 37(b)(2)(A) as authority for imposing sanctions for failure to comply with a court's discovery order.   Defendants also invoke the court's inherent authority to impose sanctions for bad-faith conduct, regardless of whether the conduct is sanctionable under the Federal Rules of Civil Procedure.

"The inherent power of a court [to impose sanctions] can be invoked even if procedural rules exist which sanction the same conduct."   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citation modified).   Invoking inherent authority "is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions."   *Id.* at 50.   "But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under . . . the Rules."   *Id.*   A "court may safely rely on its inherent power" if in its "informed discretion . . . the Rules are [not] up to the task."   *Id.   See also Schlafly v. Eagle F.*, 970 F.3d 924, 936 (8th Cir. 2020).

"Because of their very potency, inherent powers must be exercised with restraint and discretion.   A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."   *Chambers*, 501 U.S. at 44-45 (citation modified).   Abuse of the judicial process includes discovery abuses such as a party's "engaging in a pattern of deceit by presenting false and misleading answers and testimony under oath in order to prevent their opponent from fairly presenting its case."   *Chrysler Corp. v. Carey*, 186 F.3d 1016,

- 4 -

1022 (8th Cir. 1999).

Within a court's inherent power is an assessment of attorney's fees as a sanction "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (citation modified). Bad faith may be shown by a party's delay or disruption of the litigation or their hampering enforcement of a court order, thus warranting an assessment of attorney's fees. *Id.* at 46. *See also Schlafly*, 970 F.3d at 936-37. The power to award attorney's fees for bad-faith conduct "depends not on which party wins the lawsuit, but on how the parties conduct themselves *during the litigation*." *Chambers*, 501 U.S. at 53.

"A remedial award of attorney's fees as a sanction occurs when the fee is paid to the opposing party as compensation for the attorney's fees incurred as a direct result of the unethical behavior." *Schlafly*, 970 F.3d at 937 (citation modified). While I have broad discretion in awarding such fees, the award must be limited to only those incurred solely because of the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103-04 (2017). Otherwise, the sanction may be considered punitive to which procedural guarantees applicable in criminal cases would apply. *Id.* at 108.

I have carefully reviewed Malloy's deposition testimony, answers to interrogatories, SSA form, and all other documents filed by the parties on defendants' motion for sanctions. On the evidence submitted and for the reasons set out in defendants' motion, Malloy's challenged deposition testimony and

answers to certain interrogatories were plainly not credible and possibly perjurious.

Malloy provides no defense for her false answers and testimony given under oath,

other than she merely forgot about her criminal charge and conviction.   She

provides no reason or explanation for her false and/or misleading answers and

testimony regarding her employment history, employment references and contact

information, educational history, and bankruptcy history.   Moreover, attorney Ghio

admits that Malloy signed a blank SSA form despite declaring under penalty of

perjury that she had "examined all the information on this form, and on any

accompanying statements or forms, and it is true and correct to the best of my

knowledge" (ECF 69-6, signed SSA form); that it was he who completed the form

*after* Malloy signed it; and that that process has "always been" his practice in

securing authorization forms from Malloy in this case.   (*See* ECF 82, Pltf's Opp. at

p. 4.)   Regardless of counsel's questionable practice and his claimed scrivener's

error in his completing the form, his admission nevertheless shows that Malloy's

declaration on the SSA form was false.

The repeated and consistent nature of Malloy's sworn falsehoods and

misrepresentations during discovery threatened the integrity of this litigation

particularly and the judicial process generally.   *See Chrysler Corp.*, 186 F.3d at

1021.   Other than explaining her false testimony on past criminal convictions,

Malloy does not deny that her pattern of deceit prejudiced defendants' ability to

fully prepare and fairly present all their defenses to her claims.   Her claim of

relevance is without merit, *see Lutzeier v. Citigroup Inc.*, No. 4:14CV183 RLW, 2015 WL 1853820, at *2 (E.D. Mo. Apr. 22, 2015) (plaintiff's credibility and after-acquired evidence relevant to defense); and her red-herring complaint regarding defense counsel's role does not excuse or negate her own misconduct.   Sanctions are therefore warranted.   *Chrysler Corp.*, 186 F.3d at 1022.

Therefore, pursuant to my inherent authority, I will grant defendants' motion for sanctions to the extent defendants seek to recover attorney's fees that were incurred and caused solely because of Malloy's false and misleading answers to interrogatories and deposition testimony regarding her employment and earnings history, criminal history, bankruptcy history, and educational background; and by the provision of incorrect information on Social Security Administration form SSA-7050-F4 (11-2022), signed under penalty of perjury on December 16, 2024.   Those attorney's fees may include reasonable fees incurred in preparing and litigating the motion for sanctions.   Given the nature of the misconduct, including counsel's practice in securing Malloy's authorizations in the case, I will impose the sanctions jointly and severally upon plaintiff Deborah Malloy and her attorney, Matthew Ghio.   I will deny as moot defendants' motion to the extent defendants seek to strike Malloy's pleadings and to dismiss this action with prejudice as a sanction.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Joint Motion for Sanctions Based on Plaintiff's Discovery Misconduct [68] is **GRANTED in part and**

- 7 -

**DENIED AS MOOT in part** as set out above.

**IT IS FURTHER ORDERED** that sanctions in the form of attorney's fees are awarded to defendants Trileaf Corporation and T. Scott Muschany and assessed against plaintiff Deborah Malloy and her attorney, Matthew Ghio, jointly and severally.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Order, defendants shall filed a verified statement of the attorney's fees they reasonably incurred that were caused because of plaintiff Deborah Malloy's false and misleading answers to interrogatories and deposition testimony regarding her employment and earnings history, criminal history, bankruptcy history, and educational background; and by the provision of incorrect information on Social Security Administration form SSA-7050-F4 (11-2022), signed under penalty of perjury on December 16, 2024.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2026.