UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MALLOY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24 CV 506 CDP |
| TRILEAF CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

After granting defendants summary judgment in this case, I entered a separate Memorandum and Order granting defendants' motion for sanctions for plaintiff's misconduct committed during the discovery process. In that Order, I directed defendants to file a verified statement of attorney's fees they reasonably incurred on account of plaintiff's misconduct. Defendants have now filed the declaration of their counsel, Joy D. McMillen, seeking $55,104.50 in fees. Attached to the declaration is a statement describing the work performed and the fees charged, and the initials of the individuals who performed such work. The information provided, however, is insufficient for me to determine whether the requested fees are reasonable. I will therefore direct defendants to file an amended verified statement of attorney's fees that includes information from which I can determine a reasonable fee. I will provide plaintiff an opportunity to

respond to defendants' amended statement as well as additional time to respond to defendants' pending bill of costs.

A district court has wide discretion in determining the proper amount of reasonable attorney's fees to be awarded in a case where a party has been sanctioned. *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th Cir. 2012). In evaluating whether a fee award is reasonable, courts begin with the lodestar, "which is calculated by multiplying the hours reasonably expended by the reasonable hourly rates." *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 420 (8th Cir. 2024); *Indep. Contractors of Maverick Transp., LLC v. Great W. Cas. Co.*, No. 4:24-CV-338 HEA, 2025 WL 1423598, at *2 (E.D. Mo. May 16, 2025). Here, neither counsel's declaration nor the statement of fees sets out the hourly rates for the individuals who performed the work described. And the individuals themselves are not fully identified either by name or role (*i.e.*, attorney, paralegal, etc.). Moreover, my initial review of the statement of fees shows that some individuals charged different hourly rates for their work. For example, an entry dated 2/28/25 for "MZH" shows they billed one hour for a total of $990, whereas another entry that same date for "MZH" shows they billed 1.2 hours for a total of $660. (ECF 94-1 at p. 3.) Likewise, an entry dated 2/28/25 for "LMW" shows they billed one hour at $474, whereas other entries for "LMW" dated 4/24/25 and 4/30/25 show they billed one-hour

increments at $395 each.  (*Id.* at pp. 3, 4.)  Without any explanation for those discrepancies or any identification of who performed the work and at what rates, I am unable to determine a reasonable fee.

I will give defendants seven days to file an amended verified statement of attorney's fees that includes necessary and accurate information from which I can calculate a reasonable fee.  **Fees incurred in relation to the amended statement shall not be included in defendants' request for fees.**  I will give plaintiff fourteen days to respond to that amended statement as well as additional time to respond to defendants' pending bill of costs.

Accordingly,

**IT IS HEREBY ORDERED** that not later than **February 6, 2026**, defendants shall file an amended verified statement of attorney's fees that contains sufficient, complete, and accurate information from which I can calculate a reasonable attorney's fee, consistent with this Memorandum and Order.  Plaintiff shall have to **February 20, 2026**, to file her response(s) to defendants' amended verified statement of fees and pending bill of costs.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2026.