**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

**EASTERN DIVISION**

DEBORAH MALLOY,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )        Case No. 4:24-cv-00506-CDP
                                   )
TRILEAF CORPORATION, and           )
T. SCOTT MUSCHANY,                 )
                                   )
            Defendant.             )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED STATEMENT OF ATTORNEY'S FEES AND REQUESTED BILL OF COSTS

Plaintiff has no basis to challenge the bill of costs as the requested costs are documented in the bill of costs and attached exhibits.

Plaintiff objects to the requested attorney's fees of $54,475.50 as a reasonable sanction for the order entered by this Court.  Plaintiff's discovery responses and her counsel's mistake on one authorization form out of numerous that were provided to defendants do not merit a financially devastating fee award which is what Defendant seeks.

The heart of Plaintiff's objection is that it is not reasonable to award attorney's fees to a defendant that conducts months worth of discovery on after-acquired evidence *after* it already had a TRO from a Missouri state court

that was a sufficient basis to cut off Plaintiff's damages if she were successful on her underlying claim within one week of her original discharge.

Defendant would have conducted the discovery it did regardless of Plaintiff's responses since what it was doing was making an example out of a woman who spoke up for employees who she believed had wages stolen from them.  Defendants already had sufficient after-acquired evidence to cut off Plaintiff's damages.  There was no need to conduct the exhaustive background check it chose not to do when it hired Plaintiff.  They already had  an additional legitimate basis for discharge it could assert apart from the stated reasons for her discharge.   In other words, Plaintiff's discovery responses did not cause Defendant to conduct additional discovery because they would have done the discovery it did anyway.  To make an award of attorney's fees of more than $1,000 under these circumstances would be to reward the scorched earth discovery approach deployed here.  Simply put, anything more would be a manifest injustice.

Respectfully submitted,

**THE GHIO LAW FIRM LLC**

Matthew J Ghio

By: _____

2

Matthew J. Ghio #44799MO
3115 S. Grand Blvd., Suite 100
St. Louis, Missouri 63118
(314) 707-5853
Attorney for Plaintiff
matt@ghioemploymentlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 20th day of February, 2026, a true copy hereof was served via email or the Court's CM/ECF system.

Joy D. McMillen, #42822MO
Matthew J. Haas, #65941MO
Lindsey M. Bruno, #73055MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7703
Facsimile: (314) 612-7703
Email: jmcmillen@lewisrice.com
        mhaas@lewisrice.com
        lbruno@lewisrice.com

*Attorneys for Defendants Trileaf Corporation
and T. Scott Muschany*

By:  _____

        Matthew J. Ghio

3