**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DEBORAH MALLOY,                          )
                                         )
          Plaintiff,                     )
                                         )   Case No. 4:24-cv-00506
v.                                       )
                                         )
TRILEAF CORPORATION, and                 )
T. SCOTT MUSCHANY,                       )
                                         )
          Defendants.                    )

**DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' AMENDED STATEMENT OF FEES**

In her Response in Opposition (Doc. # 101)[1], Plaintiff concedes there is no basis to challenge the bill of costs, and she does not argue that the hourly rates or number of hours expended by Defendants' counsel were unreasonable.  Rather, she asserts that the total of the fees sought is not a reasonable sanction because she speculates that Defendants' counsel would have done all the work reflected in Defendants' Amended Statement of Fees (Doc. # 96-1) regardless of her discovery misconduct, which she wrongly suggests was limited to "her discovery responses and her counsel's mistake on one authorization form."  Plaintiff's failure to properly complete the referenced SSA-7050-F4 form was emblematic, but it was by no means exhaustive of the discovery misconduct in which Plaintiff engaged throughout the course of this case (including her own deposition), as the Court previously found and ruled.  Additionally, Plaintiff did not previously

---

[1] The Court ordered Plaintiff to file her response to Defendants' amended verified statement of fees and pending bill of costs by February 20, 2026. See Doc. #95. Plaintiff's Response in Opposition was filed on February 21, 2026.  To the extent the Court will consider Plaintiff's untimely filed Opposition, Defendants respectfully submit this Reply in Support of their counsel's amended verified statement of fees and expenses.

seek any protective order, object to, or otherwise seek the Court's intervention with respect to any of Defendants' discovery efforts, which she now mischaracterizes as a "scorched earth discovery approach." In fact, Plaintiff concedes in her Response that Defendants' discovery efforts were relevant to their defenses, specifically their after-acquired evidence defense. However, Plaintiff speculatively asserts in hindsight without any foundation that at some unspecified point in time, Defendants had all they needed to adequately defend against her suit allegations.

Plaintiff's unrepentant attitude regarding her own discovery misconduct is a reminder as to why courts use their inherent authority to sanction parties for discovery misconduct. *Schlafly v. Eagle Forum*, 970 F.3d 924, 936 (8th Cir. 2020). A sanction worthy of Plaintiff's offense is not confined to the prejudice Plaintiff's misconduct caused to Defendants, but must also be considered in terms of the affront her and her counsel's conduct posed to undermining the integrity of our discovery process and jury trial system, the prejudice it caused to the Court and our judicial system, and the need to deter Plaintiff and others from engaging in similar misconduct in the future. *See, e.g.*, *Anderson v. BNSF Ry. Co.*, 681 F. Supp. 3d 899, 918 (S.D. Iowa 2023) (describing the "twin aims" of an appropriate sanction as "punishment and deterrence" and "to ensure the judicial system provides a fair opportunity for litigants to present their claims and defenses"). There is no doubt here that Plaintiff's conduct delayed the proceedings, caused Defendants to incur unnecessary fees and expenses, and prevented Defendants from discovering all facts relevant to their defenses.

There is no basis on which to arbitrarily limit Defendants' recoverable attorneys' fees to $1,000, as suggested by Plaintiff in the conclusion of her Response. Defendants respectfully request that the Court enter an Order imposing sanctions in the full amount of $54,475.50.

Dated:  February 23, 2026

**LEWIS RICE LLC**

By: */s/ Joy D. McMillen*
  Joy D. McMillen, #42822MO
  Matthew J. Haas, #65941MO
  Lindsey M. Bruno, #73055MO
  600 Washington Avenue, Suite 2500
  St. Louis, Missouri 63101
  Telephone: (314) 444-7703
  Facsimile:  (314) 612-7703
  Email: jmcmillen@lewisrice.com
     mhaas@lewisrice.com
     lbruno@lewisrice.com

*Attorneys for Defendants Trileaf Corporation*
*and T. Scott Muschany*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of February, 2026, a true copy hereof was served via the Court's CM/ECF system.

The Crone Law Firm, PLC
Matthew J. Ghio
Alexander W. Gass
3115 S. Grand Blvd, Suite 500
St. Louis, MO 63118
mghio@cronelawfirmplc.com
agass@cronelawfirmplc.com

*Attorneys for Plaintiff*

       /s/ *Joy D. McMillen*